IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Charlie Terry, | ) | Case No.: 2:25-cv-01912-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Graham, Captain Wallar, and | ) | |
| Officer Lasters, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Mary Gordon Baker, issued pursuant to 28 U.S.C.

§ 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 35.) The Report recommends

granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment (DE 27) and dismissing this action.[1]

Plaintiff filed timely objections. (DE 37.) Defendants did not file a reply.

Because Plaintiff proceeds without counsel, the Court has liberally construed his

pleadings and objections.

Having reviewed the record, the applicable law, the Report, and Plaintiff's

objections, the Court concludes that Plaintiff's pleaded failure-to-protect claim

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

presents a new *Bivens* context in which an implied damages remedy is unavailable. The Court, therefore, adopts the Report as modified below, grants Defendants' motion under Federal Rule of Civil Procedure 12(b)(6), and dismisses Plaintiff's failure-to-protect damages claim with prejudice. The Court does not reach the Report's alternative conclusion concerning exhaustion. To the extent Plaintiff seeks invalidation of his disciplinary conviction or restoration of good-conduct time, that request is dismissed without prejudice to pursuit through an appropriate habeas proceeding.

## A.      Background

Plaintiff is a federal prisoner who was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina, during the events alleged in the Amended Complaint. He brings this action against former Warden Graham, former Captain Wallar, and former Correctional Officer Lasters. (DE 11 at 3–4.)

Plaintiff alleges that on May 3, 2024, another inmate, Julius Knox, began behaving erratically after smoking K2. According to Plaintiff, Knox made statements concerning Plaintiff, struck his own head against the steps, and required assistance from other inmates to return to his cell. Plaintiff alleges that no correctional officer was present on the tier. (*Id*. at 4–5.)

Plaintiff further alleges that Knox later left his cell, approached Plaintiff from behind, placed him in a chokehold, wrapped his legs around Plaintiff's waist, and continued choking him until both men fell to the floor. Plaintiff states that he began to lose consciousness and believed Knox would strangle him to death unless he fought

2

back. He alleges that Lasters, the officer assigned to the housing unit, had been absent from his post for more than thirty minutes. (*Id*. at 5.)

Plaintiff alleges that he sustained injuries to his neck and lower back, as well as mental injuries. He attributes the attack to Lasters' alleged absence and to Graham and Wallar's alleged failure to control the presence and use of drugs, protect inmates, and train or supervise correctional staff. Plaintiff also alleges that Knox previously had engaged in dangerous conduct after using K2 and that prison officials nevertheless returned Knox to the general population. (*Id*. at 6–9.)

After the incident, Plaintiff was charged with and found guilty of fighting with another person. He alleges that the disciplinary hearing officer concluded that Plaintiff should not have fought back and should instead have waited for an officer to intervene. The resulting sanctions included the loss of twenty-seven days of good-conduct time and one month of lost privileges. Plaintiff alleges that the charge and finding of guilt were unconstitutional and requests that they be expunged and that the sanctions be lifted. (*Id*. at 5, 7–8.) He also seeks compensatory and punitive damages arising from Defendants' alleged failure to protect him. (*Id*. at 9–10.)

Defendants moved to dismiss or, alternatively, for summary judgment. (DE 27.) They argued, among other things, that Plaintiff did not exhaust the BOP Administrative Remedy Program and that an Eighth Amendment failure-to-protect claim is not cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants supported their exhaustion argument with a declaration and BOP administrative remedy records. (DE 27-1.)

3

In response, Plaintiff asserted for the first time that he suffered a ruptured appendix and that medical personnel delayed treatment for more than forty-eight hours. He also stated that he had exhausted administrative remedies and purported to refer to attached grievance records and administrative responses. No such records were attached; the attachments instead included pages from Defendants' motion. (DE 34; DE 34-1.)

**B.     Report and Recommendation**

The Report first clarified that the operative Amended Complaint asserts an Eighth Amendment failure-to-protect claim arising from the May 3, 2024, inmate assault, not the medical care claim concerning a ruptured appendix that Plaintiff first raised in his response to Defendants' motion. The Report noted that the Amended Complaint contains no allegation that any Defendant denied Plaintiff medical treatment and that the grievance records referenced in Plaintiff's response were not attached. (DE 35 at 6, 9.)

On exhaustion, the Report found that Carter's declaration and the BOP administrative-remedy records showed that Plaintiff pursued remedies concerning his disciplinary sanctions and food service employment, but not the failure-to-protect claim asserted in this action. It concluded that Plaintiff's unsupported assertion that he had exhausted all available remedies did not create a genuine dispute of material fact and recommended granting summary judgment on that basis. (DE 35 at 7–9.)

In the alternative, the Report concluded that Plaintiff's Eighth Amendment failure-to-protect claim presents a new *Bivens* context. Applying *Ziglar v. Abbasi*,

*Egbert v. Boule*, and *Bulger v. Hurwitz*, the Report determined that special factors—including Congress's regulation of prisoner litigation, the existence of an alternative administrative-remedy structure, and the potential systemic consequences for prison administration—counseled against extending a damages remedy to that context. It, therefore, recommended granting summary judgment on that independent ground as well. (DE 35 at 9–12.)

Having recommended summary judgment on those grounds, the Report did not address Defendants' remaining defenses. It briefly noted in a footnote that the filing of an allegedly false disciplinary charge does not, standing alone, violate a prisoner's constitutional rights, but it did not separately analyze Plaintiff's request for expungement of the DHO finding or restoration of good-conduct time. (DE 35 at 9 n.5, 12 n.6.) The Report ultimately recommended granting Defendants' motion and dismissing the action. (DE 35 at 12–13.)

## C.    Legal Standard

The Court must make a de novo determination of any portion of the Report to which a party makes a specific written objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In the absence of a specific objection, the Court need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in

the plaintiff's favor, but it need not accept legal conclusions, unwarranted inferences, or conclusory assertions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000).

Defendants alternatively seek summary judgment and submitted materials outside the pleadings concerning exhaustion. The Court does not consider those materials in resolving whether the Amended Complaint presents a cognizable *Bivens* claim. Because the Court excludes the extrinsic materials from that analysis, Rule 12(d) does not require conversion of the Rule 12(b)(6) portion of Defendants' motion into one for summary judgment.

### D.    Plaintiff's Objections

Plaintiff raises four principal objections. First, he contends that he exhausted all available administrative remedies and, alternatively, that delay, nonresponse, or interference by prison officials rendered the administrative process unavailable. (DE 37 at 1.) Second, he argues that the Report mischaracterized his action by failing to recognize a claim for deliberate indifference to serious medical needs arising from an alleged ruptured appendix and delayed treatment. (*Id*. at 2.) Third, he contends that a *Bivens* remedy is available because his claim falls within, or is closely analogous to, the Eighth Amendment context recognized in *Carlson v. Green*, 446 U.S. 14 (1980). (*Id*.) Fourth, he argues that disputes concerning exhaustion and the medical care allegations preclude summary judgment. (*Id*.)

6

### 1.     The operative pleading does not assert a medical care claim

Plaintiff objects that the Report improperly limited this action to a failure-to-protect claim and failed to address deliberate indifference to serious medical needs. He relies on allegations first asserted in his response to Defendants' motion that he suffered a ruptured appendix, repeatedly requested medical attention, and experienced a treatment delay exceeding forty-eight hours. (DE 34.)

The objection is overruled. The operative pleading is the Amended Complaint at DE 11. It describes a prisoner-on-prisoner assault, Lasters' alleged absence from his assigned post, the alleged presence and use of K2 in the institution, and Graham and Wallar's alleged failures concerning security, training, and supervision. Plaintiff expressly characterizes his constitutional claim as an Eighth Amendment failure to protect him from an attack by another inmate. (DE 11 at 4–10.)

The Amended Complaint does not mention a ruptured appendix, a delay in treating that condition, repeated requests for medical attention, or any Defendant's participation in a denial of medical care. The injuries identified in the pleading are injuries to Plaintiff's neck and lower back and alleged mental injuries arising from the inmate assault. (*Id.* at 6.)

A party may not amend an operative complaint by asserting a new and unrelated claim in response to a dispositive motion. See *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Liberal construction permits the Court to identify claims reasonably

7

presented by a *pro se* pleading; it does not permit the Court to add a different transaction, injury, and set of responsible actors first mentioned in briefing.

*Carlson* recognized a *Bivens* remedy in the specific context of prison officials' alleged failure to treat a federal prisoner's severe asthma attack, resulting in his death. 446 U.S. at 16 & n.1. Because the Amended Complaint pleads no medical care claim, the Court need not determine whether Plaintiff's appendix allegations, if properly pleaded in another action, would fall within *Carlson*'s precise context. *See Spivey v. Breckon*, 173 F.4th 174, 179–82 (4th Cir. 2026). The Court expresses no view on that question.

Plaintiff's objection concerning characterization of the operative claims is, therefore, overruled.

### 2.    No *Bivens* remedy is available for the pleaded failure-to-protect claim

Plaintiff contends that his claim falls within, or is closely analogous to, the Eighth Amendment context recognized in *Carlson*. To the extent that argument concerns the medical care allegations first asserted in DE 34, those allegations are not part of the operative pleading. To the extent Plaintiff contends that the pleaded failure-to-protect claim is analogous to *Carlson*, binding precedent forecloses the argument.

The Supreme Court has recognized an implied constitutional damages remedy in only three contexts: the Fourth Amendment search-and-seizure claim in *Bivens*; the Fifth Amendment employment-discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979); and the Eighth Amendment medical care claim in *Carlson. Ziglar v.*

*Abbasi*, 582 U.S. 120, 131 (2017); *Egbert v. Boule*, 596 U.S. 482, 490–91 (2022). A claim that differs meaningfully from those contexts presents a new context, and a court may not extend *Bivens* when there is any reason to conclude that Congress is better positioned to determine whether a damages remedy should be available. *See Ziglar*, 582 U.S. at 139; *Egbert*, 596 U.S. at 492–93.

The Fourth Circuit resolved the issue presented here in *Bulger v. Hurwitz*, 62 F.4th 127 (4th Cir. 2023). There, the estate of a federal prisoner alleged that BOP officials violated the Eighth Amendment by failing to protect the prisoner from a fatal attack by other inmates. The Fourth Circuit held that the claim presented a new *Bivens* context and declined to imply a damages remedy. *Id.* at 138–42.

*Bulger* expressly distinguished *Carlson*. Although both claims arose under the Eighth Amendment, protection from prisoner-on-prisoner violence implicated official duties, institutional policies, security judgments, and administrative concerns different from those involved in providing medical treatment. *Id.* at 138–39. The court also identified Congress's regulation of prisoner litigation, the BOP Administrative Remedy Program, and the potential systemic consequences for federal prison administration as reasons not to extend *Bivens*. *Id.* at 140–42.

Plaintiff's allegations fall within *Bulger*. He alleges that Lasters left his assigned post and that Graham and Wallar failed to control institutional drug use, provide sufficient security, and train or supervise correctional staff. Those allegations concern prison operations and protection from another inmate, not the medical-treatment context recognized in *Carlson*. The Supreme Court's decision in *Goldey v.*

9

*Fields*, 606 U.S. 942, 943–45 (2025), and the Fourth Circuit's decision in *Spivey*, 173 F.4th at 179–82, reinforce that the established *Bivens* contexts must be defined narrowly; they do not disturb *Bulger*'s directly controlling holding.

Accordingly, even accepting the well-pleaded allegations of the Amended Complaint as true, Plaintiff has no implied damages remedy for the asserted failure-to-protect claim. His objection concerning the availability of a *Bivens* remedy is overruled. Because the defect is legal and cannot be cured by additional allegations concerning the May 3, 2024, attack, the failure-to-protect *Bivens* claim is dismissed with prejudice.

### 3.     The asserted factual disputes do not affect the disposition

Plaintiff identifies asserted factual disputes concerning exhaustion, the handling of his grievances, the seriousness of his ruptured appendix, and the adequacy and timing of medical treatment. Those matters do not preclude dismissal. The Court does not reach the Report's exhaustion determination, and the medical care allegations do not appear in the operative Amended Complaint. The availability of a *Bivens* remedy for the pleaded failure-to-protect claim presents a legal question that the Court resolves while accepting the well-pleaded allegations as true. Accordingly, none of the factual disputes identified in Plaintiff's fourth objection affects the disposition, and that objection is overruled.

### 4.     The Court does not reach exhaustion

The Report alternatively recommended summary judgment based on Plaintiff's failure to exhaust the BOP Administrative Remedy Program. Plaintiff

10

objects that he completed each required level of review and that, to the extent the process was not completed, delay, nonresponse, or interference by prison officials rendered administrative remedies unavailable.

The Court need not resolve those competing contentions. Even assuming that Plaintiff exhausted every remedy available to him, the pleaded failure-to-protect claim remains unavailable under *Bivens*. The Court, therefore, does not adopt the Report's exhaustion analysis as a basis for judgment and expresses no view on whether Plaintiff exhausted the failure-to-protect claim.

### E.    Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's objections concerning the characterization of his claims, the availability of a *Bivens* remedy, and the alleged resolution of factual disputes (DE 37) are OVERRULED;

2. the Court DECLINES TO REACH Plaintiff's exhaustion objection because exhaustion does not affect the disposition;

3. the Report and Recommendation (DE 35) is ADOPTED AS MODIFIED by this Order, except that the Court does not adopt the Report's exhaustion determination as a basis for judgment;

4. Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DE 27) is GRANTED to the extent it seeks dismissal under Federal Rule of Civil Procedure 12(b)(6);

5. Plaintiff's Eighth Amendment failure-to-protect damages claim against Defendants is DISMISSED WITH PREJUDICE because no implied damages remedy is available under *Bivens* in this context;

6. to the extent Plaintiff seeks expungement or invalidation of the DHO finding, restoration of good-conduct time, or other relief that would necessarily affect the duration of his confinement, that request is DISMISSED WITHOUT PREJUDICE to pursuit through an appropriate habeas proceeding after exhaustion of available administrative remedies; and

7.  the Clerk of Court shall enter judgment consistent with this Order and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within sixty (60) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).